The United States Court of Appeals for the Federal Circuit is now open and in session. God Save the United States and this Honorable Court. Good morning everyone. The first case this morning is number 087076 Military Order of the Purple Heart against the Veterans Administration. Mr. Doyle. Mr. Seed. Thank you Your Honor. May it please the Court. In this action, petitioners challenge the Veterans Administration's Fast Letter 0719 and the C&P Service review of regional office decisions granting large awards to veterans. To be clear, petitioners do not dispute that the VA could implement a C&P Service review if done properly. However, the C&P Service review before this Court and before us here with Fast Letter 0719 was invalid for three reasons. Before you get into that, since they have withdrawn that letter, why is this case not moved? Your Honor, this case is not moved because under the Fast Letter 0719, the VA reduced or overturned over 400 veterans' claims for benefits and the VA has not done anything to remedy that. In addition, the C&P Service review still continues to this day. Under the Voluntary Cessation Doctrine, you would need two components to move this case. You would need, number one, that the challenged conduct stopped. Here, it has not stopped. In fact, it's continued. Second of all, you would need a remedy of any harm that occurred during the pendency of the challenged conduct. And here, neither of those has happened, and so we still have an active case in controversy. This Court has full authority to provide specific relief under the Jurisdiction Statute 38 U.S.C. 502, which incorporates the remedial provisions of the Administrative Procedure Act. And therefore, this Court has authority to award specific relief in this case and reinstate those benefits that the veterans were denied or were reduced through the C&P Service. What is the harm? You said that you don't contest that they could properly have this system. They could have this system if they did it properly. Your Honor, if they did it properly, the one harm would be, for example, if they notified the veteran or his or her representative of the fact that the review was taking place rather than having a clandestine review, as they do now, so that the veteran could take advantage of his right under 38 CFR 3.103C, a right to, quote, So to do it right, the C&P Service review would have to allow the veteran or his representative to make a request for a hearing before the determining authority, which would be the C&P Service, because we know under the FAST letter and even under the current FAST letter in the C&P review process, as it's continued... Well, that's the remedy. You wanted it to go back, and they may come out with the same result, but you wanted to come back and do it right. Your Honor, we would like the remedy. We think that the decision in terms of the merits of the decision will have an impact on the way they continue to do it through res judicata principles. For example, the second thing that is not appropriate about the way that the C&P Service review is conducted is the review is much broader than for clear and unmistakable error, which is required under 38 U.S.C. 5109A, which says that a decision by the Secretary can only be reviewed for clear and unmistakable error. We know that the review taking place right now and under FAST letter 0719 is a review of a decision by the Secretary for two reasons. If we look at the FAST letter itself and look at what the VA told us in FAST letter 0719, we see that what is being reviewed here is a decision immediately prior to the promulgation of the decision to the veteran. So, for example, if the C&P Service agrees with the regional office determination, the very next step in the process is send it out to the veteran. So we know that the regional office decision-making activity has concluded. Second of all, the C&P Service is – the nature of the review under FAST letter 0719 is what's called administrative review, which under VA's Administrative Procedure Manual is clearly a formal decision of the regional office. And that review takes place after the decision by the regional office has been made, and therefore that's a decision by the Secretary to which 38 U.S.C. 5109A applies. The third thing that the VA would have to do to implement this appropriately, a C&P Service review, is use notice and comment procedures, because this is a substantive change that has a direct impact, an immediate impact, on veterans' substantive rights and interests. It changes the adjudicator, and it embodies substantive value judgments in terms of what should happen, because it says we're going to focus only on award decisions. We're not going to focus on decisions to deny large value awards. We're only going to review decisions to grant large value awards. The point of notice and comment, of course, is to get the affected party's comments and feedback so that the agency can be self-educated and get the benefit of that, you know, the impact and the benefit of that feedback in coming up with a process. Have you said that a number of veterans had been affected by this particular FAST letter, the first one? You know, as of June 2008, we know from the court's decision in the Northern District of California in the Veterans for Common Sense case that there were roughly 800 reviews took place through summer of 2007. To the extent a veteran thought that his or her claim had been prejudiced or improperly decided based upon the procedure that was in effect at the time the claim was rendered, couldn't that be challenged in the normal process? I mean, couldn't the veteran go through the normal BVA and then Court of Veterans' Appeals appeal process? Your Honor, the veteran could appeal, but the veteran would have no knowledge of the fact that there was an original regional office determination in his or her favor. That's not part of the administrative record under the process, nor would the veteran have any notice that the Extraordinary Award Review actually, C&P Service Review actually took place. They would only know that there was a decision by what they thought was by the regional office, which in fact was by the C&P Service that kind of ghost wrote an opinion and said here, you know, to the regional office, implement this, this is our decision. Let me ask you one thing. If the veteran gets a decision and he or she is either satisfied or unsatisfied with the decision, right? Yes, Your Honor. And if they're not satisfied, they can follow the usual channels. How does this affect that? Are you saying they're deprived of maybe an argument, of awareness of an argument they could have made? Because if they get a claim handed, I'm sorry, if they get a decision handed down, they say, okay, fine, I'm satisfied or I'm not, and they can appeal if they're not. First and foremost, Your Honor, it impacts them in depriving them of their regulatory right to hearing before the decision maker who has ultimate determinative authority. So they're clearly deprived of that regulatory right. Second of all, it does impact them in the sense that the regional office, the normal adjudication process that the VA uses for every other type of case, including denials of large value award cases. The very type of case we're talking about here, when the RO regional office denies those awards, that's perfectly acceptable for that award then to go to the veteran. Here we have that normal process being derailed and the veteran not having any notice of that and the substantive impact as a result that we've seen in the Veterans for Common Sense case is a reduction or denial of benefits in the vast majority of reviews that have occurred. The VA says that their reason is so that there would be more nationwide consistency rather than divergence among regional offices. Is that something that I gather the concern is the separation of the decision maker or the separation of the veteran from the decision maker without anyone knowing that this is happening. Whether or not that's a salutary purpose. Yes, Your Honor. I think the purpose, that purpose could be implemented, as I said, if they did it, if they conducted the C&P service review appropriately. And one of the things that they would have to accommodate is the regulatory right to request a hearing before the actual decision maker under 3.103C. But in addition, they probably would have to use notice and comment procedures to implement that process. And lastly, they would have to review, conduct a review for clear and unmistakable error, which gives the VA ample authority already under the statute, 38 U.S.C. 5109A, to conduct a, quote, quality review for clear errors to ensure national consistency and the other salutary values that the VA might want to achieve through such a review. Okay. Let's hear from the VA, and we'll save your full time for rebuttal. Thank you, Your Honor. Ms. Hogan. Thank you, Your Honor. May it please the Court. The extraordinary award procedure is an internal management directive which requires pre-decisional review of certain types of claims. Such an internal housekeeping measure is fully within the Secretary's power and discretion and is not subject to judicial review. But how do you get around the obligation that there be some sort of hearing, some sort of personal interaction between the veteran and the decision maker? Yes, Your Honor. The veteran has a right to a hearing, primarily for the VA to receive factual evidence to assist the veteran in the claim. The veteran does not have a right to have a hearing before a particular employee of the VA. What the regulation provides is that they have a right to have a hearing before the VA at the regional office closest to them. And why do you have a hearing? Here the three of us are sitting here listening to you. We go away and three other guys who haven't had this interaction will then decide your case. That really isn't our system, is it? Well, in this particular situation, there is no one particular decision maker. There are many different employees who may assist a veteran in obtaining information, obtaining evidence, and obtaining medical records. The person who receives the hearing testimony may not necessarily be the same VA employee who drafts the rating decision or the supervisor who reviews that rating decision. So the veteran is certainly entitled to a hearing, and someone within the AOJ with experience in obtaining information and receiving testimony is certainly going to be the person receiving that hearing testimony. But the regulation does not require that the same exact employee who receives the hearing testimony be the same employee who eventually writes it. It's up to the regional office to make the decision. The decision is made that they're entitled to whatever they're entitled to. And then they go up to the C&P who says you can't tell them it's coming up here. You can't tell them that we are reversing you. All you can do is sign off on our reversal and tell them this is what they're going to get, which is nothing. Well, Your Honor, the... As opposed to when they don't give them anything. They don't have to send it up for review. You can tell them they're not getting anything. Well, there's two points to respond to that, Your Honor. I mean, first, the veteran or the claimant is not entitled to know every single step of the deliberative process. If a particular claims examiner reaches a conclusion and brings it to his supervisor, and the supervisor tells him, no, you've done this incorrectly, you reversed the decision, reversed your draft, the veteran is not entitled to know that. And it's the same principle here. The C&P service is the arm within the Veterans Benefits Administration, which is charged with ensuring that the ROs follow the policies and the procedures that VBA sets and ensures that claims are adjudicated evenly and fairly across the country. So there's absolutely nothing wrong with a draft decision being or pre-promulgation decision being... for even handedness across the country. And that's a procedural decision which is left to the discretion of the secretary. It's certainly possible that the VA could say we're going to review every single one, every single case is going to go to the C&P before review. But in its discretion, the VBA has decided that that's not necessary, particularly because if there is a denial, the same appellate procedures remain for the veteran. I think the particular policy issues here that the VA is trying to address is that if there is an incorrect award of benefits, the VA is obligated to recoup those benefits, or in some cases those benefits may be regulatory or statutorily protected, and so the VBA is precluded from recouping those incorrect benefits. So all the VA is trying to do here is make sure that decisions are as correct as possible before they're promulgated to the veteran, so that those policies just aren't in place when there's going to be a denial because the same appellate procedures remain no matter what, no matter if a particular case is reviewed under the extraordinary award procedure or in a regular normal case where it would just be adjudicated directly by the RO. The correctness of the decision is going to stand on whether the decision that's issued to the veteran has adequate reasons or basis and is supported by the record, and the veteran disagrees with that. But on that theory, it makes no sense. They only take the big ones and cut half of them back or remove them or whatever. On that theory, if the idea is to assure correctness, then they ought to take the rejections as well, at least if someone has asked for more than eight years of retroactivity and been denied it. Shouldn't that be a subject to review when it's granted? That is a decision that the C&P service could have made, but it's a decision that it did not make, particularly because if the veteran is dissatisfied... But the veterans want the chance to participate in the notice and comment procedure so that everyone is confident that the way it's done is fair. And they have raised a question, the fact that it's deliberately secret, that the veteran doesn't know that it was granted by the regional office and that someone in Washington who he's never seen has then overruled it. It isn't as if an appeal had been taken to the BVA and it had been changed there. It's all done behind closed doors. That seems to be the concern. And it's very hard to overcome that, isn't it, to say that it's fair without knowledge? Your Honor, I would go back to the point I made earlier, which is that the veteran is not entitled to be part of the decision-making process. He's entitled to a hearing. He is entitled to a hearing. There's absolutely nothing in this procedure which denies them the right to their hearing at any point during this process. And the hearing about the reduction in their benefit that they were thought to be entitled to is a normal course. Well, Your Honor, there has been no reduction in benefits because there's been no final decision provided to the claimant. There's been a draft decision. There's been a pre-promulgation decision. There may be hundreds of draft decisions before there's a final one reached. Before this fast letter, it was final. Now it's no longer final. No, Your Honor, before this fast letter and still to this day, the decision is not final until notice is provided to the claimant. And here exactly the same thing remains. The specialist, the claims adjudicator, reaches a tentative decision. It goes through the same, you know, the supervisor is going to review it to make sure that it's correct. It's going to go to the C&P. If they believe that there's been something overlooked, if it's not in compliance with statute or regulation, it's going to instruct the RO to address those issues. There's still the opportunity to receive additional evidence if there's a piece of evidence that might be missing in order to make that claim. And at the end of the day, when a decision is ready to be promulgated, the veteran services organizations are still permitted to come and take a look at that decision prior to the decision being sent to the veteran, just as it always is. So the only difference here is that in some particular cases, there's an additional layer of pre-decisional review. That represents good governance, good policy, and it would be hard to argue that asking an additional layer of review on certain types of cases is contrary to what the VA is meant to do. Do you agree that this case is not moot? Your Honor, we believe that arguably it is moot. What is your position on it now? He says that it's clear from the district court opinion that there are 800 or so people affected by this, that nothing has been done. Presumably if those veterans are dissatisfied with the decisions of the RO, they are entitled to the very same appeal procedures that every veteran is. And so the correctness of any decision is going to stand on whether it was correctly decided, not whether it was reviewed by the C&P service. So any harm that the petitioners allege comes from the application of statutes and regulations to the facts of the particular cases. So you're not going to say it's moot? Your Honor, we do believe it's moot. Well, it could argue to be. Is it or isn't it? We believe it's moot. Now, when you threw this fast letter and substituted the successor, I gather that there's no substantive difference between them. Is that correct? The procedure remains exactly the same. What was the problem with 0719 is that it used some arguably imprecise language, including the use of the term administrative review. That imprecise language could have led the public and to the veterans' organizations to believe that this was a review of final decisions. But this is very strange. You're saying that if the veterans challenge, let's call it a rule, a procedure, all you have to do is withdraw it. The next week reissue the identical procedure with a new number, and they have to start all over again? That's what happened, isn't it? Well, the second letter was intended to address the concerns that had been raised both in the Northern District of California case. It was done after the suit was filed. Yes, it was, Your Honor. And to the extent that the petitioners agreed that the second letter, and I don't think they do, but to the extent that they agreed that the second letter addressed the concerns they had about this rule being applied to final decisions, the 0824 made very clear that this procedure refers only to pre-promulgation or draft decisions and is entirely internal. There was no notice and comment procedure for the second letter? Your Honor, there's no notice and comment because notice and comment does not apply to rules of agency, organization, procedure, and practice. There's no substantive change in the law that is being applied to these veterans' claims. Well, of course there is. They are given an extra hurdle to get over without notice and if they get a large award that they presumably are entitled to. You call it good governance, but it looks to me like a good way to save some money without letting them know what's happening to them. Well, Your Honor, this is like several of the cases that were cited. It's substantive. It's not substantive even though it may have substantive impact. The cases that deal with the procedural exception to the notice and comment rules include things like setting an earlier deadline. That's very substantive if the claimant misses the deadline, but it's still a procedural rule. Here all we're saying is let's give certain cases an extra set of eyes from people who have experience adjudicating these types of claims and do that before a decision is rendered. Notice and comment is only required where we're talking about substantive rules and I don't think that the petitioners contend that there's been any change in the statutes and the regulations that are applied to the veterans' claims. If the Court has no further questions, I respectfully request that the Court dismiss the petition. Thank you, Ms. Whitman. Mr. Doyle. Your Honors, I would address several points that counsel made in the argument. Number one, with respect to the hearing, it is not true that the regulatory provisions say that the hearing can be before just any VA official. It has to, quote, be an employee who has original determinative authority as to the issues that the hearing is going to be on who will conduct the hearing. The VA itself testified in a 30B6 deposition as the agency testified in the Northern District of California that the veteran has a right to a hearing even at the C&P service review stage, but the deponent could not explain how the veteran could ever exercise that right given the fact that they're not aware of the fact that the hearing is going on. But the VA itself is, in this discussion, somewhat contradicting what it had said in that court in the testimony, 30B6 testimony, in which it's at A43 of the appendix, the Pamperin deposition, at page 288, where the deponent specifically said, and this is the deputy director of the C&P service, saying that, yes, we think you probably should have a right at the C&P review stage. And the follow-up question, of course, is, well, how would you exercise that right if you don't even know the review is taking place? And the response was, I don't know. So that is something in terms of the right of a hearing that it seems pretty clear that the FAST letter and the review violate that regulatory provision. Second of all, in terms of the notice and comment, and this not being a change in substantive law, it changes the adjudicator. And we know there's authority for the fact that when you change the adjudicator, that means the ultimate decision-maker, you are making a substantive change that affects individuals' interests and their rights. So you have the fact that it ends up resulting in a denial or reduction in benefits more than half the time. Obviously, that has a major impact, dramatic impact, on the only thing the veteran cares about in the process, which is receiving the claimed benefits. Number two, you have a change in the decision-maker without any kind of notice or fairness in the process. And you also have a substantive value judgment. We should only look at this type of an award, and we shouldn't care about denials of those benefits, and that is a substantive value judgment that the courts have said is a hallmark of a substantive rule. Clearly, this is not a minor, quote, housekeeping provision. If the court were to agree with you, were to find the appeal not moot, and were to agree with you, what specific relief would you want? The specific relief that would make sense, we believe, is number one, for the VA to disclose to the court or to the parties what veterans had their, and specifically notify the veterans, which veterans had their awards overturned or reduced through the C&P review process. Number two, to reinstate the original review, that could be done just as a pure reinstatement, or the VA has a statutory right to a review for clear and unmistakable error under 38 U.S.C. 5109A. So there could be a component where the VA could say this one was overturned because of clear and unmistakable error. At the board. At the board, yes. But that would be basically the process, and it's pretty straightforward. It doesn't require this court to do much in terms of telling the VA what to do. The VA is already, the regional offices have already made those decisions under the same process that all other claims for benefits are decided. If the board didn't agree with them, then the secretary could go to the court?  Or appeal to the court of appeals for veterans' claims if the VA, you know. And there are other provisions that the VA has for, as counsel mentioned, for recouping erroneous payments if there's some kind of miscalculation in ministerial error. I'm of the theory that there is something to be said for the imposition of national uniformity that would come from having a centralized review at the regional office level. If their standard were clear and unmistakable error rather than whatever it is, which I suppose is something like a preponderance, would that meet your objection, provided the veteran is told that that's what happened? Provided the veteran is told that that's what's happened, has an opportunity for hearing, and provided that it's issued through a notice and comment procedure so the parties can. Well, that is, I didn't include the opportunity for a fresh hearing at the central, whatever they call it, office. But just to review an overview saying there's clear and unmistakable error in this ruling of the RO, and therefore it's still viewed as a tentative ruling as they call it now, and make the change at the RO level. But with this procedure. Well, if they did it at the RO level, then the veteran has a right to a hearing at the RO level. So it seems like they'd be able to accommodate it at that level. Would there be a second hearing at the RO level that would then accommodate the centralized input? Yes, Your Honor. Is that? Yes, Your Honor. That's more complicated, of course, than what they now have. That too, but that, I imagine, would certainly require a noticing comment and rulemaking. Yes, Your Honor. That's our position. Any more questions? Any more questions?  Thank you, Mr. Dory. Thank you, Your Honor.